UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PHILADELPHIA INDEMNITY INSURANCE
COMPANY as subrogee of NIAT REALTY CORP.,   Docket No. 1:17-CV-0342
                                 Plaintiffs,   (DNH/CFH)

             - against -   **NOTICE OF REMOVAL**

AMAZON.COM, INC. and AMAZON.COM LLC,

                         Defendants.
-------------------------------------------------------------------X

# TO THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF NEW YORK

      Defendants, AMAZON.COM, INC. and AMAZON.COM LLC, remove this civil action from the Supreme Court of the State of New York, County of Albany, to the United States District Court for the Northern District of New York, under 28 U.S.C. §§1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000. Both defendants consent to removal.

      1.    When this action was initially filed on January 31, 2017, under Index No. 900772/17, the Complaint named PHILADELPHIA INSURANCE COMPANY as the sole plaintiff. Defendants are informed and believe that PHILADELPHIA INSURANCE COMPANY is a Delaware corporation. Because Defendants are citizens of Delaware and Washington, complete diversity did not exist when this action was filed. A copy of the Summons and Complaint are annexed hereto as **Exhibit "A."**

2.     On March 1, 2017, plaintiff's counsel filed an Amended Complaint that named PHILADELPHIA INDEMNITY INSURANCE COMPANY as the correct and actual plaintiff herein and deleted all references to original plaintiff PHILADELPHIA INSURANCE COMPANY.  See **"Exhibit B."**  Because PHILADELPHIA INDEMNITY INSURANCE COMPANY is a Pennsylvania corporation with its principal place of business in Pennsylvania, the filing of the Amended Complaint created complete diversity between plaintiff and all defendants.  The Amended Complaint was emailed to counsel for Defendants on March 1, 2017.  As such, Defendants' deadline for removal is March 31, 2017—30 days after Defendants received a copy of the Amended Complaint.  28 U.S.C. §1446(b)(3).  To date, issue has not been joined by either defendant as to the Amended Complaint.

3.     The Summons and original Complaint, Notice Pursuant to CPLR §3215(g)(4), Notice Regarding Availability of Electronic Supreme Court Cases dated January 31, 2017, a Stipulation extending time to answer the original Complaint to March 20, 2017, affidavits of service as to the original Complaint, and the Amended Complaint (see Exhibits "A" and "B" hereto) constitute all process, pleadings and Orders served upon and/or received by defendants to date in such action.

4.     The Amended Complaint alleges that defendants marketed and sold a "Glantop" brand commercial grade blender for intended use in food preparation.  Exhibit "B," paragraphs 9-10.[1]  It alleges that, on or about May 12, 2016 a fire occurred at the premises originating in the

---

[1] The Complaint consistently, and erroneously, alleges that defendants "sold" the blender. In fact, the blender was sold by an independent third party that has not been named in this lawsuit.  Defendants will address that pervasive error in more detail in their Answer and subsequent filings.

2

blender allegedly due to its defective design and manufacture. Exhibit "B", paragraphs 18-23. The fire damaged the premises of plaintiff's subrogor, NIAT, and Plaintiff alleges that it made payments to NIAT on account of that damage, and it seeks $200,000.00 in damages, plus interest from May 12, 2016, and costs and disbursements.

### Diversity of Citizenship

5.      This is a civil action brought in a State Court of and regarding which the District Courts of the United States have original jurisdiction by reason of diversity of citizenship of the parties and of the amount in controversy. Further, defendants are not citizens of the State of New York, where the action was commenced.

6.      A corporation is a citizen of its State of incorporation and of the State where it has its principal place of business. 28 U.S.C. §1332(c)(1). Plaintiff is a citizen of Pennsylvania based on its incorporation and principal place of business. See **"Exhibit C"** (documents from Pennsylvania Department of State, including 1996 Statement of Change of Registered Office, 2000 Articles of Amendment – Domestic Business Corporation); see also *id*. (documents from the New York State Department of Financial Services indicating plaintiff's Pennsylvania domicile per its authorization to write insurance in New York State). The Amended Complaint also alleges Plaintiff's principal place of business is in Pennsylvania and confirms subrogor NIAT is a New York corporation with a principal place of business in Hewlett Harbor, New York (Nassau County).

7. Defendant Amazon.com, Inc. is a corporation organized under the laws of the State of Delaware, and its principal place of business is in the State of Washington. As such it is a citizen of Delaware and Washington. See also Exhibit B ¶ 4.

8. Defendant Amazon.com LLC is a limited liability company that is indirectly owned by and shares the citizenship of Amazon Fulfillment Services, Inc., which is also citizen of Delaware and Washington. A limited liability company has the citizenship of its members. See *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2nd Cir. 2012); *Carter, et. al. v. Healthport Technologies, LLC*, 822 F.3d 47, 60 (2nd Cir. 2015). Defendant Amazon.com LLC is a limited company whose whole sole member is Amazon Corporate LLC. Amazon Corporate LLC's sole member is Amazon Global Resources, LLC. Amazon Global Resources LLC's sole member is Amazon Fulfillment Services, Inc. Amazon Fulfillment Services, Inc. is a corporation incorporated in Delaware with its principal place of business in Washington State. It is a citizen of Delaware and Washington.

9. Complete diversity therefore exists between plaintiff and all defendants.

**Amount in Controversy**

10. The amount of controversy in this action exceeds the sum or value of $75,000.0 exclusive of interest and costs.

**WHEREFORE,** Amazon.com, Inc. and Amazon.com LLC pray that this petition be accepted by this Honorable Court as good and sufficient, that this case proceed in this Court as properly removed, and for such other and further relief deemed just and proper.

Dated:  Melville, New York
         March 23, 2017

Yours, etc.,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

By:  *Anna M. DiLonardo*

**Anna M. DiLonardo (1679)**
*Attorneys for Defendants*
*Amazon.com LLC* and *Amazon.com, Inc.*
105 Maxess Road, Suite 303
Melville, New York 11747
(631) 232-6130
