UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                        Plaintiff,                                 **MEMORANDUM &
ORDER**

                 -against-                                       CV 17-3115 (DRH) (AKT)

AMAZON.COM, INC. and AMAZON.COM LLC,

                       Defendants.
-------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff") commenced the instant action in New York State Supreme Court, alleging liability for a defective blender marketed and sold by Defendants Amazon.com, Inc., and Amazon.com LLC ("Defendants"). *See generally* Plaintiff's Complaint [DE 1-1]; Amended Complaint ("Compl.") [DE 1-2]. According to the Amended Complaint, in May of 2016, a fire broke out at and caused damage to property in Nassau County, New York, which was owned by Plaintiff's insured and subgrogor. *See* Compl. ¶¶ 7-29. Plaintiff alleges this fire was caused by a defect in a commercial blender marketed and sold by Defendants and operated by a commercial tenant at the property, A&K Sushi LTD ("A&K"). *See id.* Plaintiff asserts causes of action for product liability, breach of warranty, and negligence against Defendants accordingly. *See generally* Compl.

Presently before the Court is Defendants' unopposed motion [DE 34] seeking leave to file a third-party complaint against A&K, pursuant to Rule 14(a) of the Federal Rules of Civil

Procedure. For the reasons set forth in this Memorandum and Order, Defendants' motion is GRANTED, in part, and DENIED, in part.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff filed the initial Complaint in this action in New York State Supreme Court for the County of Albany on January 31, 2017. *See* DE 1-1. The operative pleading in this action, Plaintiff's Amended Complaint, was filed shortly thereafter on March 1, 2017 in the same court. *See* DE 1-2; DE 2. On March 23, 2017, Defendants filed a Notice of Removal to the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* DE 1. The case was subsequently removed to the Northern District of New York. Defendants filed an Answer to the Amended Complaint on March 31, 2017. *See* DE 7. On April 24, 2017, an Initial Conference was held in that court before Magistrate Judge Christian F. Hummel. *See* Electronic Order of April 24, 2017. On May 23, 2017, the parties filed a stipulation consenting to the transfer of venue from the Northern District of New York to the Eastern District of New York, *see* DE 12, which Magistrate Judge Hummel approved and signed that same day. *See* DE 13. The action was transferred to the Eastern District on May 23, 2017 and assigned to District Judge Hurley and to this Court.

The Initial Conference was held on September 8, 2017, at which time this Court, among other things, entered the Case Management and Scheduling Order. *See* DE 23, 24. On December 18, 2017, with the consent of Plaintiff, Defendants filed a letter motion for a one-week extension of time to move to implead a third party to the action. DE 32. That motion was granted. *See* Electronic Order of December 22, 2017. On December 27, 2017, Defendants filed the instant motion for leave to file a third-party complaint. *See* DE 34. In response to the Court's request for a proposed briefing schedule, Plaintiffs' counsel submitted a letter on January

8, 2018 stating that the Plaintiff would not be filing any opposition to the motion and, thus, no briefing schedule was necessary. *See* DE 35.

### III.  THE PROPOSED THIRD-PARTY COMPLAINT

The following facts are taken from Defendants' proposed third-party complaint ("TPC") [DE 34-3] and are assumed to be true for purposes of this motion. *See Kenny v. City of New York*, No. 09-CV-1422, 2011 WL 4460598, at *1 (E.D.N.Y. Sept. 26, 2011); *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, No. 04–CV–7497, 2007 WL 633951, at *2 (S.D.N.Y. Feb. 26, 2007).

Defendants allege that prior to the date of the fire, May 12, 2016, A&K was in sole custody, possession, and control of a "Glantop" brand commercial blender which Plaintiff alleges Defendants sold and/or distributed to A&K. *See* TPC ¶ 23. According to Defendants, prior to May 12, 2016, A&K altered and/or misused, modified, repaired, and negligently operated the blender, and failed to heed or follow safety protocols and warnings with respect to the blender. *See* TPC ¶¶ 24-29. Defendants allege to that to the extent Plaintiff sustained any damages as alleged in the Amended Complaint, such damages were caused by the negligence, conduct, and/or wrongful acts of A&K, and Defendants assert causes of action for common law indemnification and common law contribution against A&K accordingly. *See* TPC ¶¶ 30-35.

### IV.  APPLICABLE LAW

Rule 14 of the Federal Rules of Civil Procedure states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." FED. R. CIV. P. 14(a). "The Second Circuit has stated that the purpose of Rule 14(a) is

3

'to avoid two actions which should be tried together to save the time and cost of a re-duplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third-party defendant.'" *Hicks v. Long Island R.R.*, 165 F.R.D. 377, 379 (S.D.N.Y.1996) (quoting *Dery v. Wyer*, 265 F.2d 804, 806-07 (2d Cir. 1959)); *see iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 75-76 (E.D.N.Y. 2011); *Intellipayment, LLC v. Trimarco*, No. 15-CV-1566, 2016 WL 1239261, at *3 (E.D.N.Y. March 29, 2016). Thus, "Rule 14(a) was designed 'to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim.'" *iBasis Glob., Inc.*, 278 F.R.D. at 74 (quoting *Hines v. Citibank, N.A.*, No. 96-CV-2565, 1999 WL 440616, *2 (S.D.N.Y. June 28, 1999)).

In order to implead a non-party under Rule 14, the third-party action "must be dependent on, or derivative of, the main claim." *iBasis Glob., Inc.*, 278 F.R.D. at 74; *Falcone v. Marinemax, Inc.*, 659 F. Supp. 2d 394, 402 (E.D.N.Y. 2009). As such, "'Rule 14 provides a *procedural* mechanism whereby a defendant can have derivative, contingent claims against others not originally parties to the action adjudicated contemporaneously with the claims against it: it does not create new substantive rights against those other parties.'" *Intellipayment, LLC*, 2016 WL 1239261, at *3 (quoting *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 458 (S.D.N.Y. 1984)) (emphasis in original). It follows that impleading a third-party under Rule 14 is permissible where "the third-party defendant's liability to the third-party plaintiff [is] dependent upon the outcome of the main claim or the third-party defendant [is] potentially secondarily liable as a contributor to the defendant." *iBasis Glob., Inc.*, 278 F.R.D. at 74; *see*

4

*Falcone*, 659 F. Supp. at 402; *Kenny*, 2011 WL 4460598, at *1; *Nat'l Bank of Canada v. Artex Indus., Inc.*, 627 F. Supp. 610, 613 (S.D.N.Y. 1986) (recognizing that for a third-party action to proceed under Rule 14, "[t]he outcome of the third-party claim must be contingent on the outcome of the main claim"). Where this requirement is met, "'[t]imely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *iBasis Glob., Inc.*, 278 F.R.D. at 74 (quoting *Fashion–In–Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P.*, No. 97–CV–340, 1999 WL 500149, *6 (S.D.N.Y. July 15, 1999)) (second alteration in original).

In considering whether to grant a party's motion to implead a non-party, the Court analyzes the following factors: "(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the [plaintiff or] third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." *Kenny*, 2011 WL 4460598, at *2 (internal quotations and citation omitted); *iBasis Glob., Inc.*, 278 F.R.D. at 74; *Falcone*, 659 F. Supp. 2d at 402; *Salomon v. Burr Manor Estates, Inc.*, 635 F. Supp. 2d 196, 200 (E.D.N.Y. 2009); *Capitol Records, Inc. v. City Hall Records, Inc.*, No. 07 CV 6488, 2008 WL 2811481, at *3 (S.D.N.Y. Jul. 18, 2008).

## V. DISCUSSION

### A. Deliberate Delay / Dereliction in Filing the Motion

The Court does not find that Defendants deliberately delayed or were derelict in filing their motion for leave to file a third-party complaint. The initial Complaint in this action was filed on January 31, 2017 in New York State Supreme Court, *see* DE 1-1, and the Amended

5

Complaint was filed on March 1, 2017. *See* DE 1-2. Several significant events transpired between the filing of the operative pleading and the filing of the instant motion, most notably the action's removal to federal court on or about March 24, 2017, *see* DE 1, and transfer of venue from the Northern to the Eastern District of New York in May of 2017. *See* DE 12. Given the change of venue and the change of scheduling deadlines which accompanied the transfer -- in addition to the lack of opposition from Plaintiff -- the Court finds that the approximately nine months between the filing of the operative pleadings and the filing of the instant motion does not constitute undue delay or dereliction.

Further, the timing of the submission of the instant motion substantially complies with the deadlines set out during this Court's Initial Conference and entry of the Case Management Order. Pursuant to that Order, the parties had until December 15, 2017 to initiate the process for joinder of parties and to amend the pleadings. *See* DE 24. The Court granted Defendants' motion for an extension of the December 15, 2017 deadline to December 22, 2017. However, due to an inadvertent omission, this Order was not posted until December 22, 2017. *See* Electronic Order of December 22, 2017. Defendants filed their motion for leave to file a third-party complaint on December 27, 2017. Based on the sequence of events between December 15, 2017 and December 27, 2017, the Court finds no undue delay or dereliction in filing the instant motion.

      **B.    Whether Impleader Would Delay or Complicate the Trial**

The Court further finds that impleader of A&K would not delay or complicate the instant action. Defendants attempt to implead A&K solely for common law indemnification and contribution. *See generally* TPC. These claims are by definition dependent upon the outcome of the claims in the primary action. "Impleader is appropriate when the third-party defendant's

6

liability to the third-party plaintiff is 'dependent upon the outcome of the main claim' or the third-party defendant is 'potentially secondarily liable as a contributor to the defendant.'" *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003) (quoting *Kenneth Leventhal & Co. v. Joyner Wholesale Co.,* 736 F.2d 29, 31 (2d Cir. 1984)). Likewise, the same or similar facts underlie both Plaintiff's claims against Defendants and Defendants' claims against A&K. Taking these factors into account, the Court finds that impleader of A&K would not delay or complicate the trial in this action. Rather, impleader in this case would serve the purpose of judicial economy. *See Too, Inc.*, 213 F.R.D. at 141 ("If the third-party complaint is not allowed, [Defendants] would have to start a separate action, and repeat much of the proceedings and discovery that has already occurred in the case brought by [Plaintiff] against [Defendants]. Thus, the purpose of judicial economy would be served by allowing the third-party complaint for contribution.").

### C. Prejudice to the Plaintiff or Third-Party Defendant

Allowing Defendants to implead A&K will not result in prejudice to either Plaintiff or A&K. To the contrary, preventing Defendants from impleading A&K could result in prejudice to A&K since A&K could be subject to non-party discovery in the instant action as well as discovery in a subsequent action against it by Defendants. The lack of opposition by Plaintiff to the instant motion further indicates to the Court that Plaintiff will suffer no prejudice as a result of A&K's impleader.

### D. Whether the Proposed Third-Party Complaint States a Claim

Defendants' third-party complaint asserts claims for common law contribution and indemnification.

> Common-law contribution and common-law (or implied) indemnity are similar but distinct claims. The New York Court of

7

> Appeals has explained the "important substantive distinctions" between the two as follows: "Basically, in contribution the loss is distributed among tort-feasors, by requiring joint tort-feasors to pay a proportionate share of the loss to one who has discharged their joint liability, while in indemnity the party held legally liable shifts the entire loss to another."

*Amguard Ins. Co. v. Getty Realty Corp.*, 147 F. Supp. 3d 212, 217-18 (S.D.N.Y. 2015) (quoting *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 23-24 (1985)); *see Rosado*, 66 N.Y.2d at 24 ("Contribution arises automatically when certain factors are present and does not require any kind of agreement between or among the wrongdoers. Indemnity, on the other hand, arises out of a contract which may be express or may be implied in law to prevent a result which is regarded as unjust or unsatisfactory.").

### 1. Contribution

New York law allows for a remedy of contribution where a tortfeasor pays more than its fair share of a judgment. *Amguard Ins. Co.*, 147 F. Supp. 3d at 218 (citation omitted). "The crucial element in allowing a claim for contribution to proceed is that 'the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought.'" *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 319, 324 (S.D.N.Y. 2010) (quoting *Raquet v. Braun*, 90 N.Y.2d 177, 183 (1997)); *Amguard Ins. Co.*, 147 F. Supp. 3d at 218 ("Therefore, to succeed on its claim for contribution, [Defendant] must establish that [A&K's] negligence caused or contributed to the damage to [Plaintiff]."). Implicit in this analysis is the requirement that both the contributing party and the party seeking contribution owe a duty to the injured party, the violation of which caused the injury. *See Smith v. Sapienza*, 52 N.Y.2d 82, 87 (1981) ("A claim for contribution exists only when two or more tort-feasors share in responsibility for an injury, in violation of duties they respectively owed to the injured person.").

8

In the proposed third-party complaint, Defendants allege, *inter alia*, that A&K altered and/or misused, modified, repaired, and negligently operated the blender in question, in addition to failing to heed warnings and safety protocols with respect to the blender in question. *See* TPC ¶¶ 24-29. Defendants also allege that any damages suffered by Plaintiff were caused by these negligent and/or wrongful acts of A&K. *See* TPC ¶ 34. Defendants have therefore alleged that A&K violated a duty to Plaintiff, which caused or augmented the damages for which Defendants seek contribution. Accordingly, the third-party complaint asserts sufficient facts to state a claim for common law contribution.

### 2. *Indemnification*

Common law indemnification under New York law "is a restitution concept which results in a shifting of the loss 'because to fail to do so would result in the unjust enrichment of one party at the expense of the other.'" *Facilities Dev. Corp. v. Miletta*, 584 N.Y.S.2d 491, 495 (1992) (quoting *Mas v. Two Bridges Assoc.*, 75 N.Y.2d 680, 690 (1990)). "Unlike contribution, common-law indemnity is 'barred altogether where the party seeking indemnification was itself at fault, and both tortfeasors violated the same duty to the plaintiff.'" *Amguard Ins. Co.*, 147 F. Supp. 3d at 220 (quoting *Monaghan v. SZS 33 Associates, L.P.*, 73 F.3d 1276, 1284 (2d Cir. 1996)).

"[A] cause of action for common-law indemnification can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them." *Highland Holdings & Zito I, L.P. v. Century/ML Cable Venture*, No. 06 Civ. 181, 2007 WL 2405689, at *4 (S.D.N.Y. Aug. 24, 2007), *aff'd sub nom. In re Century/ML Cable Venture*, 311 Fed. Appx. 455 (2d Cir. 2009). "The key element is a separate duty—as opposed to the duty owed towards the injured third-

9

party—owed to the indemnitee [Defendants] by the indemnitor [A&K]." *Highland Holdings & Zito I, L.P.*, 2007 WL 2405689 at *4 (citation omitted); *see Amguard Insurance Co.*, 147 F. Supp. 3d at 220 ("Importantly, the duty to indemnify is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor.") (internal quotations omitted).

Defendants' proposed third-party complaint fails to allege a duty owed, either explicitly or implicitly, by A&K as the indemnitor to Defendants as indemnitees. Indeed, there are no allegations in the third-party complaint regarding the relationship between Defendants and A&K. In the absence of an allegation of an express or implied duty between Defendants and A&K, the third-party complaint fails to state a claim of common law indemnification. *See Highland Holdings & Zito I, L.P.*, 2007 WL 2405689 at *4 ("Highland fails to allege that Debtor owed it any independent duty separate and apart from Debtor's contractual obligations under the Recap Agreement. Therefore, Highland has not sufficiently alleged a claim for common-law indemnification.").

## VI. CONCLUSION

"[T]he decision whether to permit impleader rests within the sound discretion of the district court." *iBasis Glob., Inc.*, 278 F.R.D. at 75. Having applied the four-factor test laid out in *iBasis Glob., Inc.*, the Court finds that (1) Defendants' motion for leave to file a third-party complaint is GRANTED with respect to their claim for common law contribution; and (2) Defendants' motion for leave to file a third-party complaint asserting a claim for common-law indemnification is DENIED at this time since the elements required to state such a cause of action are missing here.

10

**SO ORDERED.**

Dated: Central Islip, New York
January 23, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge