UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILADELPHIA INDEMNITY INS. CO. as subrogee of NIAT REALTY CORP., Plaintiff, -against- AMAZON.COM, INC., and AMAZON.COM LLC, Defendants. | CIVIL ACTION NO. 2:17-cv-03115<br><br>DEFENDANT AMAZON.COM'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORY DEMANDS |

Defendants Amazon.com, Inc. and Amazon.com LLC ("Amazon") hereby respond to Plaintiff's First Set of Interrogatory Demands, subject to the objections stated below. Amazon reserves the right to supplement these answers should additional information become available.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Where is the principal place of business of Amazon.com, Inc. and of Amazon.com LLC?

**ANSWER:** The principal place of business of Amazon.com, Inc. is in Washington State. The principal place of business of Amazon.com LLC is in Washington State.

**INTERROGATORY NO. 2:** What is the difference between Amazon.com, Inc. and Amazon.com LLC?



**ANSWER:** Amazon objects that the term "difference" is vague and ambiguous. Subject to and without waiving that objection, and interpreting this Interrogatory to seek information regarding the relationship between Amazon.com, Inc. and Amazon.com LLC, Amazon answers: Amazon.com LLC is owned indirectly by Amazon.com, Inc.

**INTERROGATORY NO. 3:** For the years 2011-2016, did Defendants at any time: (a) transact any business in New York State; and/or (b) contract to supply goods or services in New York State?

**ANSWER:** Amazon objects that this request is overbroad and seeks irrelevant evidence to the extent it seeks information about Amazon's participation in transactions or other business activities other than the transaction at issue in this case. Amazon further objects that this Interrogatory is compound. Amazon is limiting its answer to the transaction at issue.

Subject to and without waiving these objections, Amazon responds that Amazon did not transact any business in New York State or contract to supply goods or services in New York State in connection with the transaction in which the Subject Unit was sold in this case.

**INTERROGATORY NO. 4:** How much revenue did Defendants derive from the sale of goods or services rendered in New York State for the period 2011-2016?

**ANSWER:** Amazon objects that this request is overbroad, unduly burdensome, and seeks irrelevant information. The amount of revenue Amazon derived from the sale of goods or services rendered in New York State over a five-year period preceding the sale of the product at issue in this litigation has no bearing on any party's claim or defense and the burden of obtaining it substantially outweighs its non-existent probative value.

**INTERROGATORY NO. 5:** How much revenue did Defendants derive from interstate commerce for the period 2011-2016?

**ANSWER:** Amazon objects that this request is overbroad, unduly burdensome, and seeks irrelevant information. Amazon further objects that the phrase "interstate commerce" is vague and ambiguous. The amount of revenue Amazon derived from interstate commerce over a five-year period preceding the sale of the product at issue in this litigation has no bearing on any party's claim or defense and the burden of obtaining it substantially exceeds its probative value.

**INTERROGATORY NO. 6:** Provide the name(s) and address(es) for all persons and/or entities that designed, manufactured, produced, assembled, packaged, distributed, sold, and/or handled the Subject Unit from its initial design until its arrival at the Subject Premises.

**ANSWER:** Amazon did not design, manufacture, produce, assemble, distribute or sell the product. The product was sold by a third-party seller on the marketplace. Amazon provided services in the form of an online marketplace. It additionally provided services under the Fulfillment by Amazon (FBA) program. FBA provided the following services, for which third-party sellers paid service fees:

- The third-party seller sent its inventory to an Amazon fulfillment center for storage. It retained title to its products and paid for storage space.
- When an order was placed for the seller's product, the fulfillment center retrieved the product from the seller's inventory, placed it in a shipping container, and delivered it to a shipping center.

Sellers can use the FBA program even for products they sell through other online channels. Thus, for example, if a third-party seller sells a product through its own website, it can use the FBA service to fulfill the order. The FBA service is available to third-party sellers even if the buyer does not have an Amazon.com account and never uses Amazon.com.

Amazon does not know who designed and manufactured the product. The seller was Glantop. The address information that Amazon has for Glantop is Room B301, Imagination Park, Panyu District, Guangzhou, Guangdong, China.

**INTERROGATORY NO. 7:** State the date(s), to the best knowledge of the Defendants, on which the Subject Unit was designed, manufactured, produced, assembled, packaged, sold, shipped, received by and/or installed at the Subject Premises.

**ANSWER:** The Subject Unit was sold by Glantop to Daniel Kim on April 30, 2016, and shipped on May 1, 2016. Amazon lacks knowledge sufficient to answer the other subparts of this Interrogatory.

**INTERROGATORY NO. 8:** State the length of time during which Defendants has been designing, manufacturing, producing, distributing and/or selling the Product.

**ANSWER:** Amazon did not and has never designed, manufactured, produced, distributed, or sold the Product.

**INTERROGATORY NO. 9:** State where (location) and when (date) the Subject Unit was manufactured.

**ANSWER:** Amazon lacks knowledge sufficient to answer this Interrogatory.

**INTERROGATORY NO. 10:** If Defendants did not manufacture the Subject Unit:

(a) state whether or not Defendant(s) had a contract with the manufacturer of the Subject Unit and produce a copy of said contract;

(b) state how much money Defendant(s) received/distributed with regards the Subject Unit, including but not limited to, the amount of money Defendant(s) received from the purchaser, the amount of money Defendant(s) tendered to any other entity (and include the name(s) of the entity(ies) Defendant(s) tendered money to), and the net amount of money Defendant(s) received regarding this transaction.

(c) describe the method by which Defendant(s) is compensated with regards any involvement Defendant(s) had with regards the Subject Unit.

d) produce all records indicating how Defendant(s) were compensated in any fashion with regards Amazon order number 002-9067248-1552243 to Daniel Kim (see document previously produced at PLTF000009-10).

**ANSWER:** Amazon objects that this Interrogatory is overbroad, unduly burdensome, and seeks irrelevant evidence to the extent it seeks financial information beyond the sales transaction at issue in this litigation. Amazon is limiting its answer to the transaction at issue. Amazon further objects that subpart (d) of this Interrogatory is a request for production, not an interrogatory.

Subject to and without waiving these objections, and per the limitation stated above, Amazon responds:

(a) Glantop assented to the *Amazon Services Business Solutions Agreement* when it registered to list goods as a third-party seller on the Amazon marketplace. The *Amazon Services Business Solutions Agreement* governs the relationship between Amazon and third-party sellers, but it does not directly impose requirements on manufacturers.

(b) In its role as a service provider and payment processor, Amazon collected $199.89 from the purchaser of the Subject Unit. Amazon generally charges sellers a referral fee of 15% for kitchen products. Additionally, Amazon charges service fees for third-party sellers who use the FBA service. Amazon will produce its fee schedule for Amazon marketplace transactions and information regarding its fees for the FBA service. Amazon remitted the sale price to the seller, less its service fees.

(c) Amazon charges a referral fee from third-party sellers on the Amazon marketplace, which is usually equal to a percentage of the sale price of an item. Amazon also charges service fees for third-party sellers who use the FBA service. Amazon will produce its fee schedule for Amazon marketplace transactions and information regarding its fees for the FBA service.

(d) Amazon will produce its fee schedule for Amazon marketplace transactions and information regarding its fees for the FBA service.

**INTERROGATORY NO. 11:** Set forth all identifiable features (including but not limited to name of manufacturer, model number, year, applicable UL numbers, serial numbers) for the Subject Unit.

**ANSWER:** Amazon objects that the phrase "identifiable features" is vague and ambiguous.

Subject to and without waiving this objection, Amazon responds that it did not design, manufacture, sell, or distribute the Subject Unit, and therefore lacks knowledge sufficient to respond to this Interrogatory. Amazon is informed and believes that the Subject Unit was manufactured by Glantop.

**INTERROGATORY NO. 12:** As with respect the Product, state:

(a) any applicable Underwriters Laboratory ("UL") listing(s);

(b) all inspections or tests that were performed; and

(c) any modifications to the design and/or manufacturing process during the five-year period preceding the Subject Loss.

**ANSWER:** Amazon did not design, manufacture, distribute, or sell the Product. As such, Amazon did not conduct and is not aware of any Underwriters Laboratory listings, inspections or tests that were performed with respect to the Product, or modifications to the design and/or manufacturing process during the five year period preceding the Subject Loss.

**INTERROGATORY NO. 13:** Describe in complete detail each recall campaign, operation, retrofits, corrective actions, operations, programs, technical bulletins, service bulletins, supplemental information or activities with respect to (a) the Product; and (b) Similar Products, including, but not limited to, the types or models of products involved, the number of items affected, the number of items actually examined or corrected, and notification sent to end users.

**ANSWER:** Amazon objects that the phrases "Similar Products," "operations," "programs," "supplemental information," and "activities" are vague and ambiguous. Amazon further objects that this Interrogatory is overbroad and unduly burdensome because it is not limited to the product at issue. Information about other products is not relevant to any issue in this case, and the burden on Amazon of obtaining it substantially outweighs its non-existent probative value. Amazon is limiting its answer to the product at issue, identified as ASIN B013HL8F3C.

Subject to and without waiving these objections, and per the limitation stated above, Amazon is not aware of any recall campaign, retrofit, technical bulletin, or service bulletin with respect to the Product (ASIN B013HL8F3C).

**INTERROGATORY NO. 14:** For any litigation, within the past fifteen (15) years, initiated against Defendants concerning the Product and/or Similar Products wherein it was alleged that the Product and/or Similar Products failed causing fire damage: provide the title and date of each such litigation; provide the complaint filed in each such action; state the name and address of the court involved and the caption and docket/index number; and give the name and address of the attorney(s) for the plaintiff(s) in each such action.

**ANSWER:** Amazon objects that the phrase "Similar Products" is ambiguous. Amazon further objects that this interrogatory is overbroad and unduly burdensome because it is not limited to the product at issue and the time period is excessive. Information about other products is not relevant to any issue in this case, and the burden on Amazon of obtaining it substantially outweighs its non-existent probative value. Amazon is limiting its answer to the product at issue, identified as ASIN B013HL8F3C, and the last five years.

Subject to and without waiving these objections, and per the limitations stated above, Amazon responds that it is not aware of any other litigation within the past five years initiated against Amazon concerning the Product (ASIN B013HL8F3C).

**INTERROGATORY NO. 15:** With respect to any claims or complaints (whether litigated or not) received by Defendants of defects in or fire damage resulting from failure of the Product or Similar Products within the past fifteen (15) years:

    (a)    give the name and address of the person making each such complaint and the date the complaint was filed;

    (b)    outline the details of each such complaint, including the type of product involved, the nature of the injuries sustained and the action, if any, taken by Defendants in response to said complaints, and the result;

    (c)    give the name and last known address of each person who has custody of the records relating to all such complaints; and

    (d)    provide copies of any and all incident or accident reports, internal or external letters, notes, memoranda, thereof concerning similar occurrences in Similar Products.

**ANSWER:** Amazon objects that the phrase "Similar Products" is ambiguous. Amazon further objects that this interrogatory is overbroad and unduly burdensome because it is not limited to the product at issue and the time period is excessive. Information about other products is not relevant to any issue in this case, and the burden on Amazon of obtaining it substantially outweighs its non-existent probative value. Amazon is limiting its answer to the product at issue, identified as ASIN B013HL8F3C, and the last five years.

Subject to and without waiving these objections, Amazon responds that it is not aware of any claim or complaint of fire damage resulting from failure of the Product (ASIN B013HL8F3C) within the past five years, other than claims arising out of the incident at issue in this litigation.

**INTERROGATORY NO. 16:** Set forth in detail any and all warranties covering the Subject Unit, including but not limited to any warranties that were stated on Defendants's website at the time of the sale of the Subject Unit.

**ANSWER:** Amazon did not provide any warranty for the Subject Unit. Amazon's *Conditions of Use* in effect at the time of the purchase at issue in this case explicitly disclaim all warranties:

THE AMAZON SERVICES AND ALL INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) AND OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES ARE PROVIDED BY AMAZON ON AN "AS IS" AND "AS AVAILABLE" BASIS, UNLESS OTHERWISE SPECIFIED IN WRITING. AMAZON MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, AS TO THE OPERATION OF THE AMAZON SERVICES, OR THE INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) OR OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES, UNLESS OTHERWISE SPECIFIED IN WRITING. YOU EXPRESSLY AGREE THAT YOUR USE OF THE AMAZON SERVICES IS AT YOUR SOLE RISK.

TO THE FULL EXTENT PERMISSIBLE BY APPLICABLE LAW, AMAZON DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. AMAZON DOES NOT WARRANT THAT THE AMAZON SERVICES, INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) OR OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES, AMAZON'S SERVERS OR ELECTRONIC COMMUNICATIONS SENT FROM AMAZON ARE FREE OF VIRUSES OR OTHER HARMFUL COMPONENTS. AMAZON WILL NOT BE LIABLE FOR ANY DAMAGES OF ANY KIND ARISING FROM THE USE OF ANY AMAZON SERVICE, OR FROM ANY INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) OR OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH ANY AMAZON SERVICE, INCLUDING, BUT NOT LIMITED TO DIRECT, INDIRECT, INCIDENTAL, PUNITIVE, AND CONSEQUENTIAL DAMAGES, UNLESS OTHERWISE SPECIFIED IN WRITING.

CERTAIN STATE LAWS DO NOT ALLOW LIMITATIONS ON IMPLIED WARRANTIES OR THE EXCLUSION OR LIMITATION OF CERTAIN DAMAGES. IF THESE LAWS APPLY TO YOU, SOME OR ALL OF THE ABOVE DISCLAIMERS, EXCLUSIONS, OR LIMITATIONS MAY NOT APPLY TO YOU, AND YOU MIGHT HAVE ADDITIONAL RIGHTS.

**INTERROGATORY NO. 17:** Describe the terms of the "prior or subsequent settlement" entered into between the parties per your Fifth Affirmative Defense, state whether this settlement was oral or written, and if written, supply a copy of the settlement agreement.

**ANSWER:** Amazon objects that its Fifth Affirmative Defense does not include the phrase "prior or subsequent settlement."

**INTERROGATORY NO. 18:** Particularize the basis for your contention contained in your Eighth Affirmative Defense that defendants "did not sell the alleged product."

**ANSWER:** Amazon.com is an online marketplace where more than one million third-party sellers list products for sale, setting their own prices and describing their own products. The marketplace is a service that Amazon provides for sellers to offer products and buyers to purchase them. It is akin to an online mall where independent merchants display their products to people perusing the website. Amazon provides the online marketplace, but third-party sellers are

responsible for all aspects of the sale. Amazon's relationship with third-party sellers is outlined in the *Amazon Services Business Solutions Agreement*. In this transaction:

- Glantop decided what to sell and sourced the product from the manufacturer or upstream distributor.
- Glantop provided the content for the product description shown to the user. When there are multiple sellers of a given product, the product detail page may reflect the contributions of multiple sellers.
- Glantop set the price.
- Glantop was responsible for ensuring the product complies with all applicable laws.
- Glantop offered any warranty.
- Glantop held title to the Subject Unit before it was sold.

Amazon did not design, manufacture, sell, or hold title to the Product. Nor did Amazon make any representations or conceal any information about the Product. Amazon did not develop the product detail page content for the Product. Amazon simply published third-party sellers' content on Amazon.com.

The Amazon.com marketplace identifies the seller to the buyer throughout the product viewing and ordering process. The seller is identified by the "sold by" line next to the price and shipping information on the product detail page.

**INTERROGATORY NO. 19**: Name all of the "necessary and proper parties" which you contend, in your Tenth Affirmative Defense ought to be also named in this action.

**ANSWER:** Amazon responds, without limitation, Glantop. Amazon reserves the right to amend this response as additional information becomes available.

**INTERROGATORY NO. 20:** Set forth the terms and provide a copy of the "written agreement" which bars this action and subjects this action to arbitration, as you contend in your Eleventh Affirmative Defense.

**ANSWER:** The *Conditions of Use* state:

> **DISPUTES**
>
> **Any dispute or claim relating in any way to your use of any Amazon Service, or to any products or services sold or distributed by Amazon or through Amazon.com will be resolved by binding arbitration, rather than in court,** except that you may assert claims in small claims court if your claims qualify. The Federal Arbitration Act and federal arbitration law apply to this agreement.
>
> There is no judge or jury in arbitration, and court review of an arbitration award is limited. However, an arbitrator can award on an individual basis the same damages and relief as a court (including injunctive and declaratory relief or statutory damages), and must follow the terms of these Conditions of Use as a court would.
>
> To begin an arbitration proceeding, you must send a letter requesting arbitration and describing your claim to our registered agent Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501. The arbitration will be conducted by the American Arbitration Association (AAA) under its rules, including the AAA's Supplementary Procedures for Consumer-Related Disputes. The AAA's rules are available at www.adr.org or by calling 1-800-778-7879. Payment of all filing,

administration and arbitrator fees will be governed by the AAA's rules. We will reimburse those fees for claims totaling less than $10,000 unless the arbitrator determines the claims are frivolous. Likewise, Amazon will not seek attorneys' fees and costs in arbitration unless the arbitrator determines the claims are frivolous. You may choose to have the arbitration conducted by telephone, based on written submissions, or in person in the county where you live or at another mutually agreed location.

**We each agree that any dispute resolution proceedings will be conducted only on an individual basis and not in a class, consolidated or representative action.** If for any reason a claim proceeds in court rather than in arbitration **we each waive any right to a jury trial.** We also both agree that you or we may bring suit in court to enjoin infringement or other misuse of intellectual property rights.

**INTERROGATORY NO. 21:** Which state law (other than New York's) do you contend, per your Twelfth Affirmative Defense, controls with regards this matter?

**ANSWER:** Amazon contends that the laws of Washington State may apply instead of or in addition to the laws of New York in this action.

**INTERROGATORY NO. 22:** Set forth the basis for your contention, contained in your Thirteenth Affirmative Defense, that the amended complaint is barred by the provisions and immunities of the Communications Decency Act of 1996, 47 U.S.C. § 230.

**ANSWER:** Amazon is not liable because the Communications Decency Act, 47 U.S.C. § 230 immunizes internet service providers for liability arising from the publication of third-party content. The sale transaction at issue in this case occurred only because Glantop published an offer on Amazon's website and Daniel Kim accepted it. Holding Amazon liable for Glantop's sale falls within the core of CDA immunity.

**INTERROGATORY NO. 23:** Provide the names, titles and addresses for all individuals who: (a) prepared the responses to these interrogatories; and (b) provided any information used in the preparation of responses to these interrogatories.

**ANSWER:** Amazon objects to the extent this request seeks information protected by the attorney-client privilege, the work product doctrine, or any other privilege doctrine.

Subject to and without waiving these objections, Amazon responds that David Bunn provided information used in the preparation of responses to these interrogatories. Mr. Bunn is a Senior Program Manager. He may be contacted through counsel for Amazon.

DATED: Melville, New York
December 7, 2017

Yours, etc.,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.
Attorneys for Defendants

By:______________________________

Mark J. Volpi (MJ6494)
105 Maxess Road, Suite 303
Melville, NY 11747
(631) 232-6130
mjvolpi@mdwcg.com
MDWCG File No. 41018.00105

**VERIFICATION**

I, Theresa Nixon, hereby state I am a representative of Amazon.com, Inc. and I make this verification for that reason. This verification represents Amazon's corporate response and not the response of any particular individual. The facts stated in Amazon's responses are accurate to the best of my knowledge and belief, based upon Amazon's business records and information provided by other Amazon employees.

DATED: 12-7-2017

**AFFIDAVIT OF SERVICE VIA U.S. MAIL**

**STATE OF NEW YORK )**
**) :ss.**
**COUNTY OF SUFFOLK )**

***STEPHANIE NIXON***, being duly sworn, deposes and says that I am not a party to the within action, am over 18 years of age and reside in Garden City, New York.

That on the 7th day of December, 2017, deponent served the within **DEFENDANT AMAZON.COM'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORY DEMANDS** upon the following:

Daniel W. Coffey, Esq.
**BOWITCH & COFFEY, LLC**
*Attorneys for Plaintiff*
17 Elk Street
Albany, New York 12207-1014
(518) 813-9500

the attorney(s) for the respective parties in this action, at the above address(es) designed by said attorney(s) for that purpose by deposing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

**STEPHANIE NIXON**

Sworn to before me on this
7th day of December, 2017.

**Notary Public**

CHRISTINE E. LANZER
Notary Public, State of New York
No. 01LA6253133
Qualified in Nassau County
Commission Expires December 19, 2019

REC'D DEC 11 REC'D