FILE COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PHILADELPHIA INDEMNITY INS. CO. as subrogee of NIAT REALTY CORP.,

        *Plaintiff,*

-against-

AMAZON.COM, ET AL.

        *Defendant,*

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Civil Action No.:
1:17-cv-00797-DNH-CFH

---

**PLAINTIFF, PHILADELPHIA INDEMNITY INS. CO.** as subrogee of **NIAT REALTY CORP.**, by and through its attorneys, Bowitch & Coffey, LLC, as and for its response to the First Set of Interrogatory Demands served on behalf of defendants Amazon.com, Inc. and Amazon.com LLC hereby sets forth as follows upon information and belief, subject to any objections previously noted:

### INTERROGATORIES

**INTERROGATORY NO. 1:** State the following:
    a) The full name of your company;
    b) Your company's current address;
    c) The length of time your company has been in business; and
    d) Date of incorporation, if applicable.

**ANSWER:** Company's full name is Philadelphia Indemnity Insurance Company, P.O. Box 950 Bala Cynwyd, PA 19004. The company was formed in approximately 1981.

**INTERROGATORY NO. 2:** State the name and address of any person(s) who provided information relevant to the preparation of your responses to these interrogatories.

**ANSWER:** Robert Finizio, Philadelphia Indemnity Insurance Company, P.O. Box 950, Bala Cynwyd, PA 19004.

**INTERROGATORY NO. 3:** State whether any person gave any statement or prepared any document, memorandum, drawing or any other tangible thing pertaining to the occurrence giving rise to this suit, identify each person, describe the nature of what was done or produced, and produce a copy of each item identified.

**ANSWER:** Yes, people prepared documents regarding this fire. Object to request that plaintiff itemize each document or thing. See Plaintiff's Rule 26 disclosures and the 489 pages produced therewith.

**INTERROGATORY NO. 4:** With respect to the product in question, please identify the make, model, serial number, and/or any other identifier present on said product.

**ANSWER:** Upon information and belief, Glantop Official Professional Commercial Blender (Black, 2200W, 2L).

**INTERROGATORY NO. 5:** Identify the ownership/possession history of the product from the present to the day it was first purchased, including the inclusive dates of ownership/possession by each owner/possessor.

**ANSWER:** Upon information and belief, Daniel Kim of A&K Sushi Corp., purchased a Glantop blender from Amazon. Upon information and belief, the blender was shipped by defendant Amazon to Mr. Kim at 145-11 22nd Ave, 2nd floor, Whitestone, NY 11357. Plaintiff lacks knowledge as to the prior owners/possessors of the blender and such information would be in the possession of the defendants.

**INTERROGATORY NO. 6:** If you contend that any warranties, express or implied, accompanied the product at the time of sale, identify each such warranty and who you contend extended it. Attach a copy of any written warranty.

**ANSWER:** Upon information and belief, this was a brand new blender; implied in its sale to Mr. Kim was that the blender was safe for its intended purpose and that it would not fail and cause a fire.

**INTERROGATORY NO. 7:** With regard to any service, maintenance, inspections, repairs or other work conducted on the product in question prior to the alleged incident, state:

a) The nature of any and all such service, maintenance, repair, inspection, examination or other work.
b) The date it was performed.
c) Where it was performed.
d) The cause of the condition which necessitated any such service, maintenance, examination, inspection, repair or other work.
e) The person or entity who conducted or was involved with such service, maintenance, inspections, repairs or work; and

Whether any written notes, documents or materials of any nature were prepared as a result or in connection with such service, maintenance, inspections, repairs or work and the current custodian thereof. Produce a copy of all such documents.

**ANSWER:** Upon information and belief, the blender was brand new and had not been serviced. Plaintiff is unaware of any inspections performed on the blender prior to defendant's sale of same to Mr. Kim.

**INTERROGATORY NO. 8:** Identify each incident in which the product was involved prior to the incident allegedly involved in this lawsuit. For each, identify the date, location, circumstances, other parties/products, any lawsuits or claims arising from the accident by docket number and/or claim number, damage to the product, repairs to the product and any documents related to any of the inquiries of this interrogatory.

**ANSWER:** Upon information and belief, Plaintiff is not aware of this blender being involved in another incident prior to the fire.

**INTERROGATORY NO. 9:** Describe completely and specifically the manner in which the alleged incident described in the Complaint occurred.

**ANSWER:** Upon information and belief: Daniel Kim/A&K Sushi Corp. purchased the subject blender from Amazon, the blender was plugged into an outlet at this sushi restaurant, the blender failed and caused the subject fire which spread from the blender which was the point of origin to damage the structure insured by Plaintiff.

**INTERROGATORY NO. 10:** Please identify all police departments, fire departments, investigators, governmental units and/or any other individuals or entities who investigated the accident, or responded to the accident. Identify and produce any documents, records or photographs prepared or related thereto.

**ANSWER:** Upon information and belief: Plaintiff is not in possession of any public reports regarding this fire.

**INTERROGATORY NO. 11:** Please identify the following:
a) All individuals or organizations who inspected, examined or tested the product in question either before or after the incident out of which this action arises;
b) Whether a report or any written document or material was prepared during or after any of the inspections, examinations or tests and produce a copy of each such report or document; and
c) Whether photographs were taken, by whom, and produce a copy of all such photographs.

**ANSWER:** Upon information and belief: Plaintiff is unaware of anyone who inspected the blender prior to the fire. After the fire, the blender was inspected at a joint scene examination on June 22, 2016 at which defendants had a representative present. There was a joint invasive examination of the blender on LGI Electronics September 13, 2016, at which a representative of defendant was present. If any reports were generated, they were generated solely for use in this litigation and would be protected by the work product privilege. Photographs have already been disclosed.

**INTERROGATORY NO. 12:** Identify the chain of custody of the product or any component parts thereof from the time of the alleged incident up to and including the present time, stating specifically:

a) The identity of every person or entity who had possession or control of the product or any components at any time, no matter how brief a period, including those who may have transported the product, from the time of the accident to the present time;

b)   Whether any documents were prepared by such person, entity or employer, a description of each such document, and produce a copy of each such document;
c)   Whether any photographs were prepared by such person, entity or employer, a description of each such photograph and produce a copy of each;
d)   The current location of the product or any component part thereof and the identity of the current custodian; and
e)   If the current location is unknown, identify the last known location of the product and its component parts, the last known custodian and the last date for which you can account for it.

**ANSWER:** Upon information and belief, the blender was removed from the fire scene and taken to LGI Forensic Engineering, P.C., 7 Reservoir Rd., North White Plains, New York 10603 following the June 22, 2016 scene exam and the blender remains stored at LGI. The product was made available to defendants' representatives for testing and photographing on September 13, 2016.

**INTERROGATORY NO. 13:**   If you contend that the product in question or any component part thereof was defectively designed, please state in complete detail and with particularity:

a)   Each and every element of the design which you contend was defective.
b)   How such design was defective.
c)   A complete description of the manner in which the incident and/or injuries were caused, contributed to and/or permitted to occur as the result of each alleged design defect.
d)   Identify each person with knowledge or information concerning the alleged design defects.
e)   Identify and produce each document which you contend supports your theory that the product was defectively designed in any manner.

**ANSWER:** Upon information and belief to the below signatory, the below signatory is not currently aware of any defects in design in the blender. Plaintiff reserves the right to supplement this response following further discovery.

**INTERROGATORY NO. 14:**   Please describe in complete detail and with particularity each and every change in the design of the product or any component part thereof, which you contend is necessary to make the product non-defective and provide the specifics with regard to each purported alternative design. Identify each person who has knowledge of the alleged alternative design and identify and produce each document which refers or relates to any alleged alternative design.

**ANSWER:** Upon information and belief to the below signatory, the below signatory is currently not aware of any change in the product or any component part thereof which would make the blender non-defective.

**INTERROGATORY NO. 15:**   If you contend that the product in question or any component part thereof was defectively manufactured, please state in complete detail and with particularity:

    a) Each and every element of the product or any component part which you contend was defectively manufactured.
    b) How the product or component was defectively manufactured.
    c) A complete description of the manner in which the incident, damages, or injuries were caused, contributed to and/or permitted to occur as a result of each alleged manufacturing defect.
    d) Identify each person with knowledge or information concerning the alleged manufacturing defects.
    e) Identify and produce any document which you contend supports your theory that the product was defectively manufactured in any manner.

**ANSWER:** Upon information and belief to the below signatory, the below signatory is currently not aware of any manufacturing defect with regards the subject blender. Plaintiff reserves the right to supplement this response following further discovery, including discovery obtained from defendants.

    **INTERROGATORY NO. 16:** Identify and produce all literature, tests, studies or other documentation or material which you contend support the contention that the product in question or any component part thereof was defective in any manner.

**ANSWER:** Objected to as beyond the scope of expert witness discovery. Plaintiff will comply with FRCP Rule 26 and any court rule or directive regarding the timing and sufficiency of expert witness disclosure.

    **INTERROGATORY NO. 17:** Identify and produce all documents, literature, tests, studies or any other documentation or material which you contend the defendants had in their possession which you contend support the assertion that the product in question or any component thereof was defective in any manner.

**ANSWER:** Objected to as beyond the scope of expert witness discovery. Plaintiff will comply with FRCP Rule 26 and any court rule or directive regarding the timing and sufficiency of expert witness disclosure.

    **INTERROGATORY NO. 18:** If you contend that the product in question or any component part thereof violated any codes, standards, rules or regulations of any governmental body or professional organization, state the following:

    a) The identity of the exact codes, standards, rules or regulations which you contend were violated.
    b) The language upon which you rely.
    c) The citation to each such code, standard, rule or regulation allegedly violated.
    d) The manner in which you contend the product or any component part thereof violated such code, standard, rule or regulation.
    e) Identify each person with knowledge or information concerning the allegations of any alleged violation of code, standard, rule or regulation.
    f) Identify and produce all documents which refer to or relate to any alleged violation of any code, standard, rule or regulation.

**ANSWER:** Upon information and belief, none known.

**INTERROGATORY NO. 19:** If you contend that the incident alleged in the Complaint, and/or plaintiff's alleged injuries and damages, were caused, in whole or in part, by the product being improperly repaired, maintained, altered, modified or serviced, state:
  a) The nature of each such alleged improper repair, maintenance, alteration, modification or service.
  b) The date on which each such alleged improper repair, maintenance, alteration, modification or service occurred and by whom.
  c) In what manner each such alleged improper repair, maintenance, alteration, modification or service caused or contributed to the cause of the incident alleged and/or the plaintiff's alleged injuries and damages.
  d) Identify and produce all documents and records related thereto.

**ANSWER:** Upon information and belief, Plaintiff does not contend that the blender failure was due to the blender being improperly repaired, maintained, altered, modified or serviced.

**INTERROGATORY NO. 20:** Are you or any of your representatives or experts aware of any information concerning and/or will you contend that any other accidents, occurrences, events, injuries or losses resulted from any design or manufacturing feature of a product similar to the product in this lawsuit with regard to the design or manufacturing features which you allege caused the accident and/or injuries here involved? If so, identify for each such accident, occurrence or event the following:

  a) the date and location of each;
  b) the name and address of each person who was involved, experienced or has firsthand knowledge of each accident, occurrence or event;
  c) the substance of the facts and opinions of each person identified in the preceding subparagraph;
  d) the name and address of each person who has expressed an opinion concerning the cause of the accident, occurrence or event and/or the relationship of the product's design or manufacture to its cause or the injuries sustained;
  e) the make, model, Serial Number and/or other identifier of the product involved in each such accident, occurrence or event;
  f) the specific facts and/or circumstances of each such accident, occurrence or event; and
  g) your basis for the contention that each accident, injury or event is similar to the incident giving rise to this action, and as it relates to the design or manufacturing features of the product and the circumstances of the accident.

**ANSWER:** Object to the extent this demand requests information regarding the opinions of "your experts;" plaintiff will comply with FRCP Rule 26 and any court rule or statute governing the timing and sufficiency of expert witness disclosure. Upon information and belief to the signatory below, plaintiff does not have current information regarding any other accidents/occurrences but reserves the right to rely upon any information generated during discovery, including any information disclosed by the defendants during discovery.

**INTERROGATORY NO. 21:** Identify any witnesses you expect to call at the trial of this matter who will testify regarding any other accidents, occurrence or events which you contend resulted from any design or manufacturing feature of a product similar to the product in this lawsuit with regard to the design or manufacturing features which you alleged caused the accident and/or injuries here involved. As to each witness, state specifically:

a)  name, address and telephone number;
b)  the make, model, Serial Number, and/or other identifier of the product involved in each such accident, occurrence or event;
c)  the specific facts and circumstances of each such accident, occurrence or event;
d)  the substance of the facts and opinions to which each witness is expected to testify;
e)  your bases for the contention that each accident, injury or event is similar to the incident giving rise to this action, and as it relates to the design or manufacturing features of the stool and the circumstances of the accident.

**ANSWER:** Object.  Plaintiff has already complied with FRCP Rule 26(a)(1)(A) governing the required disclosure of witnesses.

**INTERROGATORY NO. 22:**   State in detail and with particularity the damages you allege were sustained as a result of the occurrence here involved.  As to each item of damages, state specifically:

a)  The item(s) of property claimed to be damaged;
b)  Whether any person, whether or not hired by you, made an estimate of the cost to repair the damage, and if so, for each person, please identify by name and address and the amount of their estimate;
c)  Whether the damages allegedly sustained have been repaired in whole or in part;
d)  Whether you have received or made any payments as a result of the damage.

**ANSWER:**  As was stated in Plaintiff's Rule 26 mandatory disclosures, Plaintiff's damages are:

| Category | Amount |
|---|---|
| Dwelling | $84,576.40 |
| Mitigation | $4,988.05 |
| Lost Business Income | $35,000.00 |
| Insured's Deductible | $1,000.00 |
| | |
| | |
| | |
| | |
| | |
| TOTAL CLAIM | $125,564.45 |

**GRAND TOTAL:**    $ 125,564.45

Full documentation concerning the items of property damaged, the estimates of damages prepared, whether damages were repaired in whole or in part and payments made as a result of the damage have already been disclosed.

**INTERROGATORY NO. 23:** Whether you, subsequent to the date of loss, were deprived of the use of the premises for business and/or other purposes and if so, state each use to which the property was being put, the inclusive dates of such deprivation, and the total monetary loss alleged. Identify and produce any documents relating to claims for loss of use/loss of business income.

**ANSWER:** Upon information and belief to the signatory below, $35,000.00 was paid for lost business income due to the loss of this tenant.

**INTERROGATORY NO. 24:** Were you, subsequent the subject incident, deprived of the use of your building or buildings? If so, state:
 a) Each use to which the property was being put;
 b) The particular item of damage which interfered with the use and enjoyment of your property;
 c) The inclusive dates of such deprivation;
 d) The other uses, which in your opinion the property could have been adapted to.

**ANSWER:** Upon information and belief to the below signatory, Philadelphia Indemnity's insured lost its tenant sushi restaurant and $35,000.00 was paid for lost business income as a result of the loss of this tenant.

**INTERROGATORY NO. 25:** Set forth the name and address of the party or parties who, after the date of loss, serviced and/or maintained and/or constructed and/or renovated and/or repaired the premises and/or property allegedly damaged and/or containing the condition alleged, setting forth the date or dates of said service, maintenance, construction, renovation, and/or repair.

**ANSWER:** All of the claims file information regarding the repair of the subject building following the subject fire has been disclosed.

Dated: November 29, 2017

BOWITCH & COFFEY, LLC

By: _____
Daniel W. Coffey, Esq.
*Counsel for Plaintiff*
17 Elk Street
Albany, NY 12207-1014

TO: Mark J. Volpi, Esq.
*Attorneys for Defendants*
Marshall Denney Warner Coleman & Goggin
105 Maxess Road, Suite 303
Melville, NY 11747

## VERIFICATION

On behalf of Plaintiff, I have read the foregoing responses to defendants' interrogatory demands. I do not have direct personal knowledge of every fact contained herein. Where I do not have personal knowledge, the response notes that it is "upon information and belief." The responses were prepared with the assistance of agents, and representatives, and with the assistance and advice of counsel. The answers are based on records and information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. To the extent I do not have personal knowledge, I have relied on others to gather the responsive information. I declare under penalty of perjury that the foregoing is true and correct.

Signed this 29 day of November 2017.

_____
ROBERT FINIZIO

STATE OF Pennsylvania )
COUNTY OF Montgomery ) ss.:
)

On the 29 day of November, 2017, before me, the undersigned, personally appeared Robert Finizio, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Elizabeth Roan, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires Aug. 24, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES